Roger Borovoy (SBN 31209), borovoy@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5021
Facsimile: (650) 839-5071

Christopher S. Marchese (SBN 170239), marchese@fr.com
Olga May (SBN 232012), omay@fr.com
Kevin Kantharia (SBN 292540), kantharia@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Defendant ArcSoft, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| e.Digital Corporation,<br><br>              Plaintiff,<br><br>v.<br><br>ArcSoft, Inc., dba as Closeli and as simplicam,<br><br>              Defendant. | Case No. CV-15-0056 BEN (DHB)<br><br><br>**ARCSOFT, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT; DECLARATORY JUDGMENT COUNTERCLAIMS OF NONINFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>District Judge: Hon. Roger T. Benitez<br>Magistrate Judge: Hon. David H. Bartick |

Defendant ArcSoft, Inc. ("ArcSoft") files this Answer to Plaintiff e.Digital Corporation ("e.Digital")'s Complaint for Patent Infringement ("Complaint") of U.S. Patents No. 8,306,514, 8,311,522, 8,311,523, 8,311,524, and 8,315,619 (collectively "the Asserted Patents") and asserts Declaratory Judgment Counterclaims of Noninfringement.

## ANSWER

This Answer is based on ArcSoft's knowledge as to its own activities, and upon information and belief as to the activities of others.  The numbered paragraphs herein correspond to the like-numbered paragraphs of the Complaint, to the extent applicable.  ArcSoft denies each and every allegation contained in the Complaint that is not expressly admitted below.  Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted facts.  ArcSoft denies that e.Digital is entitled to the relief requested or any other.

## NATURE OF THE ACTION

1.     ArcSoft admits, based solely on the allegations of the Complaint and without admitting them as true, that the Complaint purports to allege ArcSoft's infringement of the Asserted Patents and to seek remedies therefor.  ArcSoft denies that it has infringed or is now infringing any claim of the Asserted Patents, let alone any valid claim, and ArcSoft denies that e.Digital is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

2.     ArcSoft admits, based solely on the allegations of the Complaint and without admitting them as true, that the Complaint purports to allege an action for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States, 35 U.S.C. 101, *et seq.,* and that this Court has subject matter jurisdiction over an action for patent infringement pursuant to 28 U.S.C. 1331

and 1338(a).

3.     ArcSoft denies all allegations in paragraph 3 as they pertain to ArcSoft, and particularly denies that it has committed any acts of infringement in the Southern District of California or elsewhere.  ArcSoft will agree to venue in this District for the purpose of this action only.  ArcSoft denies any allegation or suggestion that venue is proper or convenient in this District for all actions.  ArcSoft lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 3 as they pertain to e.Digital and therefore denies these allegations.

4.     ArcSoft admits that its products are available for purchase by consumers, who may include residents of the State of California or the Southern District of California.  ArcSoft denies the remaining allegations in paragraph 4, and particularly denies that it has committed any acts of infringement in the State of California, Southern District of California, or anywhere else.  For the purposes of this action, however, ArcSoft will not dispute this Court's personal jurisdiction over ArcSoft.  ArcSoft denies any allegation or suggestion that personal jurisdiction is proper in this District for all actions.

5.     ArcSoft admits that certain products manufactured by or for ArcSoft may be available for purchase at http://www.simplicam.com by consumers, who may include consumers located in the State of California or County of San Diego.  ArcSoft denies any remaining allegations in paragraph 5.

**PARTIES**

6.     ArcSoft lacks sufficient knowledge to admit or deny the allegations in paragraph 6 and therefore denies these allegations.

7.     ArcSoft admits that it is a corporation registered and lawfully existing under the laws of the State of California, with an office and a place of business located at 46601 Fremont Blvd, Fremont, CA 94538.

8.     ArcSoft lacks sufficient knowledge to admit or deny the allegations in

paragraph 8 due, in part, to their vagueness, and therefore denies the allegations. ArcSoft admits that it sells products under the name "Closeli."

9.     ArcSoft lacks sufficient knowledge to admit or deny the allegations in paragraph 9 due, in part, to their vagueness, and therefore denies the allegations. ArcSoft admits that it sells products under the name "simplicam."

## THE ACCUSED PRODUCTS

10.     ArcSoft denies that it has committed any acts of infringement.  ArcSoft lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 10 and therefore denies the allegations.

11.     ArcSoft denies the allegations in paragraph 11.

12.     ArcSoft admits that it sells products on www.simplicam.com and www.closeli.com.   ArcSoft lacks sufficient knowledge to admit or deny the allegations in the first sentence of paragraph 12 and therefore denies the allegations. The allegations in the second sentence of paragraph 12 are incomplete and vague, and on that basis ArcSoft denies the allegations.  ArcSoft denies that it has committed any acts of infringement.

13.     ArcSoft denies the allegations in paragraph 13.

## THE ASSERTED PATENTS

14.     ArcSoft admits that Exhibit A to the Complaint is a copy of a document that purports on its face to be United States Patent No. 8,306,514, entitled "System and Method for Managing Mobile Communications" ("the '514 patent"), states that it issued on November 6, 2012, and states that Patrick Nunally is the inventor. ArcSoft lacks sufficient knowledge to admit or deny any remaining allegations in paragraph 14 and therefore denies the allegations.

15.     ArcSoft admits that Exhibit B to the Complaint is a copy of a document that purports on its face to be United States Patent No. 8,311,522, entitled "System and Method for Managing Mobile Communications" ("the '522 patent"), states that

it issued on November 13, 2012, and states that Patrick Nunally is the inventor. ArcSoft lacks sufficient knowledge to admit or deny any remaining allegations in paragraph 15 and therefore denies the allegations.

16.    ArcSoft admits that Exhibit C to the Complaint is a copy of a document that purports on its face to be United States Patent No. 8,311,523, entitled "System and Method for Managing Mobile Communications" ("the '523 patent"), states that it issued on November 13, 2012, and states that Patrick Nunally is the inventor. ArcSoft lacks sufficient knowledge to admit or deny any remaining allegations in paragraph 16 and therefore denies the allegations.

17.    ArcSoft admits that Exhibit D to the Complaint is a copy of a document that purports on its face to be United States Patent No. 8,306,524, entitled "System and Method for Managing Mobile Communications" ("the '524 patent"), states that it issued on November 13, 2012, and states that Patrick Nunally is the inventor. ArcSoft lacks sufficient knowledge to admit or deny any remaining allegations in paragraph 17 and therefore denies the allegations.

18.    ArcSoft admits that Exhibit E to the Complaint is a copy of a document that purports on its face to be United States Patent No. 8,315,619, entitled "System and Method for Managing Mobile Communications" ("the '619 patent"), states that it issued on November 20, 2012, and states that Patrick Nunally is the inventor. ArcSoft lacks sufficient knowledge to admit or deny any remaining allegations in paragraph 18 and therefore denies the allegations.

## COUNT ONE

### [ALLEGED] INFRINGEMENT OF THE '514 PATENT BY DEFENDANT

19.    ArcSoft incorporates by reference its responses contained in preceding paragraphs 1-18 of this Answer as if set forth fully in this paragraph.

20.    ArcSoft denies the allegations in paragraph 20.

21.    ArcSoft denies the allegations in paragraph 21.

22. ArcSoft denies the allegations in paragraph 22.

23. ArcSoft denies the allegations in paragraph 23.

24. ArcSoft denies the allegations in paragraph 24.

25. ArcSoft denies the allegations in paragraph 25.

26. ArcSoft denies the allegations in paragraph 26.

## COUNT TWO

## [ALLEGED] INFRINGEMENT OF THE '522 PATENT BY DEFENDANT

27. ArcSoft incorporates by reference its responses contained in preceding paragraphs 1-18 of this Answer as if set forth fully in this paragraph.

28. ArcSoft denies the allegations in paragraph 28.

29. ArcSoft denies the allegations in paragraph 29.

30. ArcSoft denies the allegations in paragraph 30.

31. ArcSoft denies the allegations in paragraph 31.

32. ArcSoft denies the allegations in paragraph 32.

33. ArcSoft denies the allegations in paragraph 33.

34. ArcSoft denies the allegations in paragraph 34.

## COUNT THREE

## [ALLEGED] INFRINGEMENT OF THE '523 PATENT BY DEFENDANT

35. ArcSoft incorporates by reference its responses contained in preceding paragraphs 1-18 of this Answer as if set forth fully in this paragraph.

36. ArcSoft denies the allegations in paragraph 36.

37. ArcSoft denies the allegations in paragraph 37.

38. ArcSoft denies the allegations in paragraph 38.

39. ArcSoft denies the allegations in paragraph 39.

40. ArcSoft denies the allegations in paragraph 40.

41. ArcSoft denies the allegations in paragraph 41.

42. ArcSoft denies the allegations in paragraph 42.

1

<u>**COUNT FOUR**</u>

2

**[ALLEGED] INFRINGEMENT OF THE '524 PATENT BY DEFENDANT**

3          43.    ArcSoft incorporates by reference its responses contained in preceding

4    paragraphs 1-18 of this Answer as if set forth fully in this paragraph.

5          44.    ArcSoft denies the allegations in paragraph 44.

6          45.    ArcSoft denies the allegations in paragraph 45.

7          46.    ArcSoft denies the allegations in paragraph 46.

8          47.    ArcSoft denies the allegations in paragraph 47.

9          48.    ArcSoft denies the allegations in paragraph 48.

10         49.    ArcSoft denies the allegations in paragraph 49.

11         50.    ArcSoft denies the allegations in paragraph 50.

12

<u>**COUNT FIVE**</u>

13

**[ALLEGED] INFRINGEMENT OF THE '619 PATENT BY DEFENDANT**

14         51.    ArcSoft incorporates by reference its responses contained in preceding

15   paragraphs 1-18 of this Answer as if set forth fully in this paragraph.

16         52.    ArcSoft denies the allegations in paragraph 52.

17         53.    ArcSoft denies the allegations in paragraph 53.

18         54.    ArcSoft denies the allegations in paragraph 54.

19         55.    ArcSoft denies the allegations in paragraph 55.

20         56.    ArcSoft denies the allegations in paragraph 56.

21         57.    ArcSoft denies the allegations in paragraph 57.

22         58.    ArcSoft denies the allegations in paragraph 58.

23

<u>**PRAYER FOR RELIEF**</u>

24         59.    ArcSoft denies the underlying allegations of e.Digital's prayer for relief

25   against ArcSoft, denies that e.Digital is entitled to any relief whatsoever, and requests

26   that the Court deny all relief to e.Digital and enter judgment in favor of ArcSoft on all

27   counts and award ArcSoft its costs and reasonable attorneys' fees and any further

28

relief as the Court may deem appropriate.  To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, ArcSoft denies them.

## DEMAND FOR JURY TRIAL

ArcSoft admits that the Complaint sets forth a demand for trial by jury.  The demand does not state any allegation against ArcSoft to which a response is required. To the extent that any allegations are included in the demand, ArcSoft denies such allegations.

## ADDITIONAL DEFENSES

ArcSoft asserts the following additional defenses in response to e.Digital's Complaint.  Discovery has not begun at the time of this Answer, and ArcSoft therefore has not yet had an opportunity to collect and review all the information that may be relevant to the matters and issues raised herein.  ArcSoft accordingly reserves the right to seek to amend, modify, and/or expand these defenses and to take further positions as discovery proceeds in this case.  Assertion of a defense is not a concession that ArcSoft has the burden of proving the matter asserted.

### FIRST ADDITIONAL DEFENSE

### (Non-Infringement)

60.    ArcSoft does not directly or indirectly infringe any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

### SECOND ADDITIONAL DEFENSE

### (Invalidity)

61.    The claims of the Asserted Patents are each invalid for failure to meet the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, 112, and/or 116, and the rules, regulations, and laws pertaining thereto.

## THIRD ADDITIONAL DEFENSE
### (Prosecution History Estoppel)

62.    e.Digital is estopped, based on the amendments, arguments, statements, representations, admissions, or omissions during the prosecution of the patent applications or any related provisional or non-provisional applications, made with respect to the scope of the alleged invention and asserted claims and disclosure of the prior art, from asserting any interpretation of any of the patent claims that would be broad enough to cover any of the alleged infringement by ArcSoft.

## FOURTH ADDITIONAL DEFENSE
### (Equitable Defenses)

63.    e.Digital is barred or limited from recovery, in whole or in part, by the equitable doctrines of laches, waiver, acquiescence, unclean hands, estoppel, and/or misuse.

## FIFTH ADDITIONAL DEFENSE
### (Limitation on Damages)

64.    e.Digital's recovery for alleged infringement of the Asserted Patents, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint, pursuant to 35 U.S.C. § 286 and/or § 287.  To the extent that e.Digital and any alleged predecessors in interest to the Asserted Patents, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that ArcSoft's actions allegedly infringed the Asserted Patents, ArcSoft is not liable to e.Digital for any acts alleged to have been performed before ArcSoft received any actual notice that it was allegedly infringing the Asserted Patents.   Accordingly, e.Digital's claims for recovery of alleged damages are limited by 35 U.S.C. § 287.

65.    e.Digital's claims for recovery of alleged damages are limited by 35 U.S.C. § 286.

66.     e.Digital is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## SIXTH ADDITIONAL DEFENSE

### (Failure to State a Claim)

67.     e.Digital has failed to state a claim upon which relief can be granted.

## SEVENTH ADDITIONAL DEFENSE

### (Exhaustion)

68.     e.Digital's claims for relief are barred in whole or in part by the doctrine of patent exhaustion.

## EIGHTH ADDITIONAL DEFENSE

### (Government Sales)

69.     e.Digital's remedies are limited under 28 U.S.C. § 1498(a).  ArcSoft is not liable to the extent the accused products were used or manufactured by or for the United States, or to the extent accused activities were undertaken on behalf of the United States, according to at least 28 U.S.C. § 1498.

## RESERVATION OF RIGHTS

In filing these defenses, ArcSoft has not knowingly or intentionally waived any applicable defenses.  ArcSoft reserves the right to assert and rely upon any other applicable defenses that may become available or apparent during the course of this action.   ArcSoft reserves the right to amend or to seek to amend its answer or affirmative defenses.

## DECLARATORY JUDGMENT COUNTERCLAIMS

1.     ArcSoft, Inc. ("ArcSoft") incorporates herein by reference its responses and statements contained in all the preceding paragraphs of its Answer.  Defendant-Counterclaimant ArcSoft, Inc. ("ArcSoft") brings this action against Plaintiff-Counter-defendant e.Digital Corporation ("e.Digital") pursuant to Rule 13 of the Federal Rules of Civil Procedure, for a declaratory judgment of noninfringement of

1   U.S. Patents No. 8,306,514 ("the '514 Patent"), 8,311,522 ("the '522 Patent"),

2   8,311,523 ("the '523 Patent"), 8,311,524 ("the '524 Patent"), and 8,315,619

3   ("the '619 Patent") (collectively, "the Asserted Patents").

4       2.      For its Counterclaims against e.Digital, ArcSoft alleges, based upon

5   personal knowledge as to all acts or events that it has undertaken or witnessed, and

6   upon information and belief as to all others, as follows:

7                                   **PARTIES**

8       3.      ArcSoft is a corporation organized and existing under the laws of the

9   State of California, with an office and a place of business located at 46601 Fremont

10  Blvd., Fremont, CA 94538.

11      4.      e.Digital states it is a Delaware corporation with its headquarters and

12  principal place of business at 16870 West Bernardo Drive, Suite 120, San Diego,

13  California 92127.

14                       **JURISDICTION AND VENUE**

15      5.      These Counterclaims are for a declaratory judgment of noninfringement

16  of the Asserted Patents.

17      6.      Based on e.Digital's filing of this suit and ArcSoft's affirmative

18  defenses, a true, actual, and justiciable controversy has arisen and now exists

19  between e.Digital and ArcSoft regarding the alleged infringement of the Asserted

20  Patents.  This Court has subject matter jurisdiction over the matters pleaded herein

21  under 28 U.S.C. §§ 1331, 1338, the Federal Declaratory Judgment Act (28 U.S.C. §

22  2201 *et seq.*), and the Patent Act of the United States, 35 U.S.C. § 101, *et seq.*,

23  including, but not limited to, §§ 102, 103, and 112, and the rules, regulations, and

24  laws pertaining thereto.

25      7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c)

26  and 1400(b) because, among other reasons, e.Digital has brought its Complaint for

27  patent infringement of the Asserted Patents in this Court, e.Digital states in its

28

                            10      ArcSoft, Inc.'s Answer to Complaint;
                                                        Counterclaims
                                            Case No. 15CV0056-BEN (DHB)

1    Complaint that its headquarters and principal place of business are in the Southern
2    District of California, e.Digital states in its Complaint that it does business in the
3    State of California, and e.Digital is subject to personal jurisdiction in this judicial
4    district.

## CLAIMS FOR RELIEF

### FIRST DECLARATORY JUDGMENT COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '514 Patent

8           8.    ArcSoft hereby incorporates by reference the allegations in the
9    preceding paragraphs of these Counterclaims as if fully stated herein.

10           9.    ArcSoft has not infringed and is not now infringing any valid claim of
11    the '514 patent, either directly, contributorily, or through inducement, literally or by
12    the doctrine of equivalents.

13          10.    Based on e.Digital's filing of this suit and ArcSoft's Additional
14    Defenses, a true, actual, and justiciable controversy has arisen and now exists
15    between ArcSoft and e.Digital regarding the alleged infringement of the '514 patent.

16          11.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et*
17    *seq*., ArcSoft requests the Court's declaration that ArcSoft does not infringe and has
18    not infringed any claim of the '514 patent.

19          12.    ArcSoft does not have an adequate remedy at law.

### SECOND DECLARATORY JUDGMENT COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '522 Patent

22          13.    ArcSoft hereby incorporates by reference the allegations in the
23    preceding paragraphs of these Counterclaims as if fully stated herein.

24          14.    ArcSoft has not infringed and is not now infringing any valid claim of
25    the '522 patent, either directly, contributorily, or through inducement, literally or by
26    the doctrine of equivalents.

15.  Based on e.Digital's filing of this suit and ArcSoft's Additional Defenses, a true, actual, and justiciable controversy has arisen and now exists between ArcSoft and e.Digital regarding the alleged infringement of the '522 patent.

16.  Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ArcSoft requests the Court's declaration that ArcSoft does not infringe and has not infringed any claim of the '522 patent.

17.  ArcSoft does not have an adequate remedy at law.

### THIRD DECLARATORY JUDGMENT COUNTERCLAIM
### Declaratory Judgment of Non-Infringement of the '523 Patent

18.  ArcSoft hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims as if fully stated herein.

19.  ArcSoft has not infringed and is not now infringing any valid claim of the '523 patent, either directly, contributorily, or through inducement, literally or by the doctrine of equivalents.

20.  Based on e.Digital's filing of this suit and ArcSoft's Additional Defenses, a true, actual, and justiciable controversy has arisen and now exists between ArcSoft and e.Digital regarding the alleged infringement of the '523 patent.

21.  Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ArcSoft requests the Court's declaration that ArcSoft does not infringe and has not infringed any claim of the '523 patent.

22.  ArcSoft does not have an adequate remedy at law.

### FOURTH DECLARATORY JUDGMENT COUNTERCLAIM
### Declaratory Judgment of Non-Infringement of the '524 Patent

23.  ArcSoft hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims as if fully stated herein.

24.     ArcSoft has not infringed and is not now infringing any valid claim of the '524 patent, either directly, contributorily, or through inducement, literally or by the doctrine of equivalents.

25.     Based on e.Digital's filing of this suit and ArcSoft's Additional Defenses, a true, actual, and justiciable controversy has arisen and now exists between ArcSoft and e.Digital regarding the alleged infringement of the '524 patent.

26.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ArcSoft requests the Court's declaration that ArcSoft does not infringe and has not infringed any claim of the '524 patent.

27.     ArcSoft does not have an adequate remedy at law.

### FIFTH DECLARATORY JUDGMENT COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '619 Patent

28.     ArcSoft hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims as if fully stated herein.

29.     ArcSoft has not infringed and is not now infringing any valid claim of the '619 patent, either directly, contributorily, or through inducement, literally or by the doctrine of equivalents.

30.     Based on e.Digital's filing of this suit and ArcSoft's Additional Defenses, a true, actual, and justiciable controversy has arisen and now exists between ArcSoft and e.Digital regarding the alleged infringement of the '619 patent.

31.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, ArcSoft requests the Court's declaration that ArcSoft does not infringe and has not infringed any claim of the '619 patent.

32.     ArcSoft does not have an adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, with respect to e.Digital's Complaint against ArcSoft, ArcSoft respectfully requests that this Court enter judgment in ArcSoft's favor against e.Digital and issue an order that includes:

A.      A declaration that ArcSoft has not infringed, and does not infringe, either directly, indirectly, or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents;

B.      Judgment against e.Digital and in favor of ArcSoft;

C.      A declaration that e.Digital take nothing by its Complaint;

D.      Denial of e.Digital's request for injunctive relief;

E.      Dismissal of e.Digital's Complaint with prejudice;

F.      A declaration that this case is exceptional and an award to ArcSoft of its costs, expenses, and reasonable attorneys' fees incurred in this action; and

G.      Further relief as the Court may deem just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///

## JURY DEMAND

ArcSoft hereby demands a trial by jury for all issues so triable.

Dated:  March 5, 2015                         FISH & RICHARDSON P.C.


                                              By: */s/ Christopher S. Marchese*

                                              Roger Borovoy (SBN 31209)
                                              borovoy@fr.com
                                              FISH & RICHARDSON P.C.
                                              500 Arguello Street, Suite 500
                                              Redwood City, CA 94063
                                              Telephone: (650) 839-5021
                                              Facsimile: (650) 839-5071

                                              Christopher S. Marchese
                                              marchese@fr.com
                                              Olga May
                                              omay@fr.com
                                              Kevin Kantharia
                                              kantharia@fr.com
                                              FISH & RICHARDSON P.C.
                                              12390 El Camino Real
                                              San Diego, CA 92130
                                              Telephone: (858) 678-5070
                                              Facsimile: (858) 678-5099

                                              Attorneys for Defendant ArcSoft, Inc.

1

## CERTIFICATE OF SERVICE

2    The undersigned hereby certifies that a copy of the above and foregoing

3 document has been served on March 5, 2015 to all counsel of record who are deemed

4 to have consented to electronic service via the Court's CM/ECF system per Civil

5 Local Rules.  Any other counsel of record will be served by electronic mail, facsimile

6 and/or overnight delivery.

7

8                                        */s/ Christopher S. Marchese*
                                         Christopher S. Marchese
9                                        marchese@fr.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16    ArcSoft, Inc.'s Answer to Complaint;
Counterclaims
Case No. 15CV0056-BEN (DHB)