1
2
3
4
5
6
7

FILED

2015 SEP -2  PM 3:40

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
**TH**                    DEPUTY

8        **UNITED STATES DISTRICT COURT**

9       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  E.DIGITAL CORPORATION,                    Case No.:  15-cv-56-BEN (DHB)
                                  Plaintiff,
12                                            **ORDER:**
    v.
13                                            **(1) DENYING PLAINTIFF'S**
14  ARCSOFT, INC. d/b/a CLOSELI and           **MOTION FOR RECUSAL**
    SIMPLICAM,
15                                Defendant.   **(2) DENYING PLAINTIFF'S**
16                                            **MOTION TO TRANSFER VENUE**

17

18        Before this Court is a Motion to Transfer Venue, filed by Plaintiff e.Digital

19  Corporation.  (Docket No. 33.)  For the reasons stated below, the Motion is **DENIED**.

20                        **BACKGROUND**

21        On January 12, 2015, Plaintiff brought this patent infringement action against

22  Defendant ArcSoft, Inc.  (Docket No. 1.)  Plaintiff alleges that Defendant's simplicam

23  branded wireless camera systems infringe upon five of Plaintiff's patents entitled,

24  "System and Method for Managing Mobile Communications."  (Compl. ¶¶ 10, 14-18.)

25        On May 6, 2015, Plaintiff filed a motion to transfer venue to the Northern District

26  of California.  (Docket No. 19.)  The motion was later withdrawn by way of a joint

27  agreement between the parties.  (Docket No. 30.)  On July 1, 2015, Plaintiff filed the

28  instant and renewed motion to transfer venue.  (Docket No. 33.)  Defendant filed an

                                  1

Opposition. (Docket No. 34.)

## LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In considering whether to transfer venue, courts consider a number of factors, such as: (1) the plaintiff's choice of forum, (2) convenience to the parties, (3) convenience to the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) the feasibility of consolidation with and relationship to other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1156 (S.D. Cal. 2005) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)).

The moving party bears the burden of showing that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). The decision to transfer venue is within the court's broad discretion. *Jones*, 211 F.3d at 498.[1]

## DISCUSSION

### I. Plaintiff's Motion for Recusal

In support of its Motion to Transfer, Plaintiff quickly argues that this Court should recuse from this case because defense counsel, Olga May, once clerked for this Court.

A federal judge must recuse himself when a party to the proceeding has filed "a timely and sufficient affidavit that the judge before whom the matter is pending has a

---

[1] Defendant asks this Court to apply the following rule: Where a plaintiff moves to transfer venue, "he must show that there has been a change of circumstances since the suit was filed that warrants transfer." *Cox v. Ashcroft*, No. CV-F-05-149, 2008 WL 802314, at *1 (E.D. Cal. Mar. 25, 2008). Although the Ninth Circuit has neither adopted nor rejected this rule, the Court need not apply it in this case where the traditional transfer analysis does not support transfer.

personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must be made within ten days "before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." *Id.* A legally sufficient affidavit must also "state facts and the reasons for the belief that bias or prejudice exists. . . ." *Id.*; *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *Sibla*, 624 F.2d at 867.

A federal judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must also disqualify himself if he has a personal bias or prejudice against a party. 28 U.S.C. § 455(b)(1). Sections 144 and 455 require recusal "only if the bias or prejudice is directed against a party and stems from an extrajudicial source." *Sibla*, 624 F.2d at 867 (citations omitted).

First, Plaintiff's motion under section 144 is untimely. Plaintiff initiated this case in January 2015, yet failed to raise any issue of recusal until its first motion to transfer was filed five months later. Also, Plaintiff provides no reason for the delay.

Second, Plaintiff fails to state any adequate basis that this Court's impartiality might reasonably be questioned. "[J]udges . . . are presumed to be impartial and to discharge their ethical duties faithfully so as to avoid the appearance of impropriety." *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 988 (9th Cir. 2000). The fact that Ms. May clerked for this Court, and that her clerkship ended in 2008, without more is insufficient to establish any personal bias. Accordingly, Plaintiff's Motion for Recusal is **DENIED**.

## II.   Plaintiff's Motion to Transfer

Plaintiff asks this Court to transfer this case to the Northern District of California because it is a more convenient forum. As neither party disputes that this action could have been brought in the Northern District, the Court need only consider the convenience factors.

1    1. Plaintiff's Choice of Forum

2        A plaintiff's choice of forum is generally afforded deference; however, such

3    deference is diminished where the plaintiff is not a resident of the chosen forum and the

4    conduct giving rise to the claim occurred elsewhere. *Decker Coal Co. v. Commonwealth*

5    *Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1985); *Park v. Dole Fresh Vegetables, Inc.*, 964

6    F. Supp. 2d 1088, 1094-95 (N.D. Cal. 2013).

7        Here, Plaintiff is not a resident of the Northern District.  Rather, Plaintiff "is

8    headquartered and has its principal place of business in this district, engages in business

9    in this district, and has been harmed by Defendant's conduct, business transactions and

10   sales in this district."  (Compl. ¶ 3.)  In addition, Defendant's alleged conduct is not tied

11   to a particular district.  Plaintiff alleges that Defendant manufactures and sells infringing

12   products throughout California.  (Compl. ¶¶ 4-5.)  Thus, Plaintiff's new choice of forum

13   is entitled to little deference and will be weighed against the remaining factors. *See*

14   *Decker Coal Co.*, 805 F.2d at 843; *Rovert Bosch Healthcare Sys., Inc. v. Cardiocom,*

15   *LLC*, No. C-14-1575, 2014 WL 2702894, at *5 (N.D. Cal. June 13, 2014).

16       2. Convenience of Parties and Witnesses

17       "The relative convenience to the witnesses is often recognized as the most

18   important factor to be considered in ruling on a motion under § 1404(a)." *State Street*

19   *Capital Corp. v. Dente*, 855 F. Supp. 192, 197 (S.D. Tex. 1994); *see also L.A. Mem'l*

20   *Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981).  "To

21   show inconvenience to witnesses, the moving party should state the witnesses' identities,

22   locations, and content and relevance of their testimony." *Meyer Mfg. Co. v. Telebrands*

23   *Corp.*, No. CIV s-11-3153, 2012 WL 1189765, at *6 (E.D. Cal. Apr. 9, 2012) (citation

24   omitted).

25       Plaintiff argues that the Northern District is a more convenient forum because that

26   is where the Defendant resides, and Plaintiff assumes "most likely" that is where the

27   witnesses are located.  (Mot. 8.)  However, Defendant indicates that the majority of

28   relevant witnesses are located in Hangzhou, China.  Notably, the lead development and

1   product manager for the allegedly infringing products is also located in China. That

2   being the case, Defendant contends that, because the witnesses would already be required

3   to travel to California, the Northern District is no more convenient than this District.

4   Thus, this factor weighs neither for nor against transfer.

5         3.  Ease of Access to the Evidence

6         "In patent infringement cases, the bulk of the relevant evidence usually comes

7   from the accused infringer. Consequently, the place where the defendant's documents

8   are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d

9   1338, 1345 (Fed. Cir. 2009).

10        Defendant states that the allegedly infringing products are manufactured in China

11  by a third-party vendor. Evidence related to hardware and manufacturing, then, would

12  also be located there. In addition, the proprietary source code, the development

13  documents, and many of the design documents are located in Hangzhou. Thus,

14  Defendant contends, a transfer to the Northern District would not be any more convenient

15  than the current venue. This Court agrees. This factor weighs against transfer.

16        4.  Feasibility of Consolidation

17        Plaintiff argues that there are two related cases, *Dropcam* and *Oco*, proceeding in

18  the Northern District, and this case should join them there. In chronological order,

19  Plaintiff initially filed *Dropcam* in this District, however the case was subsequently

20  transferred to the Northern District. Second, after *Dropcam* had already been transferred

21  out, Plaintiff filed the instant case in this District. Third, Plaintiff decided to file *Oco* in

22  the Northern District.

23        Although Plaintiff asks that this case be considered along with the others in the

24  Northern District, the Court is not inclined to transfer the case in the absence of other

25  factors supporting such a transfer. This is not the situation where Plaintiff made a

26  mistake in filing the case in this District. *See Erami v. JPMorgan Chase Bank, Nat.*

27  *Ass'n*, No. 15-cv-727, 2015 WL 3545728, at *1 (E.D. Cal. June 4, 2015). Plaintiff had

28  the option of filing this case in the Northern District, yet consciously chose to bring its

5

1  claim here—even after knowing *Dropcam* would be heard in the Northern District.  To

2  guard against the dangers of forum shopping, this factor weighs against transfer.

3       5.  Remaining Factors

4       The remaining factors, local interest, familiarity of each forum with the law, and

5  court congestion, are neutral.  First, Plaintiff is located in this District while the

6  Defendant is located in the Northern District.  As such, each forum has a similar local

7  interest in adjudicating the instant patent infringement case.  *See In re Hoffman-La*

8  *Roche, Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009).  Second, because the governing law of

9  a patent case is federal patent law, both districts are equally situated to decide the legal

10 issues in the present action.  *In re TS Tech USA Corp.*, 551 F.3d at 1320.  Additionally,

11 both districts are part of the Patent Pilot Program, making them very familiar with cases

12 concerning patent infringement.  Third, court congestion and time to trial differ

13 marginally.  Thus, these final three factors neither weigh for nor against transfer.

14      6.  Conclusion

15      After evaluating the various factors, the Court determines that a transfer would be

16 inappropriate in this case.  Plaintiff premised its argument on the idea that transfer to the

17 Northern District would be more convenient for Defendant.  However, Defendant

18 responded to the contrary.  Plaintiff failed to show any inconvenience if the case were to

19 remain in this District; thus, Plaintiff failed to meet its burden and the record is

20 insufficient to support a transfer.  Accordingly, the Motion to Transfer is **DENIED**.

21                              **CONCLUSION**

22      Plaintiff's Motion for Recusal is **DENIED** and Plaintiff's Motion to Transfer is

23 **DENIED**.

24      **IT IS SO ORDERED.**

25 Dated:  September  2, 2015

26                                          Hon. Roger T. Benitez
27                                          **United States District Judge**

28