FILED

OCT 01 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.DIGITAL CORPORATION,<br>Plaintiff,<br>v.<br>ARCSOFT, INC. d/b/a CLOSELI and SIMPLICAM,<br>Defendant. | Case No.: 15-cv-56-BEN (DHB)<br>**ORDER DENYING MOTION TO STAY** |

Before this Court is a Motion to Stay Pending *Inter Partes* Review, filed by Defendant Arcsoft. (Docket No. 37.) Plaintiff e.Digital Corporation filed an Opposition, and Defendant a reply. (Docket Nos. 39, 40.) The motion was set for hearing on October 5, 2015. For the reasons stated below, the Motion is **DENIED** and the hearing is vacated.

## BACKGROUND

On January 12, 2015, Plaintiff brought this patent infringement action against Defendant ArcSoft, Inc. (Docket No. 1.) Plaintiff alleges that Defendant's simplicam branded wireless camera systems infringe upon five of Plaintiff's patents entitled, "System and Method for Managing Mobile Communications." (Compl. ¶¶ 10, 14-18.)

On June 24, 2015, a party in an unrelated action proceeding in the Northern District of California filed petitions with the Patent and Trademark Office ("PTO") for *inter partes* review ("IPR") of most of the claims at issue in the instant action. As a

result, Defendant filed the instant motion for a stay on August 31, 2015.

## LEGAL STANDARD

Courts have discretion to stay proceedings pending conclusion of a PTO reexamination. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). A stay is appropriate where "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). However, a stay is not automatic. *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341-42 (Fed. Cir. 1998) (actions concurrently pending before the court and PTO are "neither duplicative nor dependent on one another, there is neither any need nor any justification" for a stay). Courts consider the following three factors when deciding whether to stay proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *In re Cygnus*, 385 F. Supp. 2d at 1023.

## DISCUSSION

### I. Stage of Litigation

This case is still in a fairly early stage of litigation. The parties attended an Early Neutral Evaluation conference on May 8, 2015. The parties also participated in a Case Management Conference on June 15. Afterwards, the magistrate judge issued a scheduling order. As a result, the parties have exchanged initial disclosures and are now beginning the claim construction process. Discovery is not complete and no trial date has been set. Thus, this factor weighs in favor of a stay.

### II. Simplification of Issues

Certainly, the PTO's review of the patents-in-suit will clarify and streamline the issues before this Court. If IPR is granted, the PTO will either (1) invalidate the asserted

claims and reduce the number of issues before this Court, or (2) find the claims valid, in which case Defendant will be estopped from asserting those invalidity contentions here. However, the PTO has yet to decide whether it will institute review. And, *if* IPR is granted, not every claim asserted against Defendant will be reexamined. *Cf. VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014) (concluding the simplification factor weighs heavily in favor of stay when all claims of all patents are under review, and noting decisions denying stays where not all claims were submitted for review). Although Defendant argues that the likelihood that review will be granted is probable, it is not guaranteed. The Court is not inclined to stay this case after it has been pending for nearly nine months, and when there is no indication that the PTO will review the claims. Given the fact that proceedings must go forward in any event for the four claims that are not subject to review, this factor weighs against a stay.

### III. Undue Prejudice

When considering the "undue prejudice" factor, courts look for evidence of "dilatory motives or tactics." *Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13-cv-457, 2014 WL 1350813, at *4 (N.D. Cal. Apr. 3, 2014) (quoting *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. 05-cv-31116, 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006)). In making this evaluation, courts have considered factors which include: (1) the timing of the reexamination request; (2) the timing of the request for stay; (3) the status of reexamination proceedings; and (4) the relationship of the parties. *Id.* (citation omitted).

Although this case was filed in January 2015, Defendant did not petition for IPR. Rather, a third party sought review in June 2015. Then, Defendant moved to stay approximately six weeks after learning of the IPR petitions. As mentioned above, the PTO has not decided whether to grant IPR. However, the parties are not competitors. And, Plaintiff contends that it will be prejudiced by the delay alone, which is insufficient to tilt this factor against a stay. *See id.* This factor weighs in favor of granting a stay.

///

///

## CONCLUSION

The Court has considered the relevant factors. The IPR petitions have been pending before the PTO since June and the PTO has not yet decided to grant review. In light of the fact that the remaining four claims will likely proceed with litigation, the Court is not inclined to delay this case until the PTO makes a decision. These considerations outweigh the benefit of granting a stay at this time. Thus, based on the particular facts of this case and the stage of IPR proceedings, the Court **DENIES** Defendant's Motion to Stay. The October 5, 2015 hearing is hereby **vacated**.

**IT IS SO ORDERED.**

Dated: September 30, 2015

Hon. Roger T. Benitez
United States District Judge