FILED
FEB 03 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.DIGITAL CORPORATION,<br>Plaintiff,<br>v.<br>ARCSOFT, INC. d/b/a CLOSELI and SIMPLICAM,<br>Defendant. | Case No.: 15-cv-56-BEN (DHB)<br>**ORDER GRANTING MOTION TO STAY** |

Before this Court is a Renewed Motion to Stay Pending *Inter Partes* Review, filed by Defendant Arcsoft. (Docket No. 50.) Plaintiff e.Digital Corporation filed an Opposition, and Defendant filed a Reply. (Docket Nos. 56, 59.) The motion was set for hearing on February 8, 2016. For the reasons stated below, the Motion is **GRANTED** and the hearing is vacated.

## BACKGROUND

On January 12, 2015, Plaintiff brought this patent infringement action against Defendant ArcSoft, Inc. (Docket No. 1.) Plaintiff alleges that Defendant's simplicam branded wireless camera systems infringe upon five of Plaintiff's patents entitled, "System and Method for Managing Mobile Communications." (Compl. ¶¶ 10, 14-18.)

On June 24, 2015, a party in an unrelated action proceeding in the Northern District of California filed petitions with the Patent and Trademark Office ("PTO") for

*inter partes* review ("IPR") of most of the claims at issue in the instant action. On October 1, 2015, this Court denied Defendant's first motion for a stay because the PTO had not yet decided whether to grant review, and four of the claims asserted in this action are not subject to IPR. (Docket No. 41.)

## LEGAL STANDARD

Courts have discretion to stay proceedings pending conclusion of a PTO reexamination. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). A stay is appropriate where "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). However, a stay is not automatic. *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341-42 (Fed. Cir. 1998) (if actions concurrently pending before the court and PTO are "neither duplicative nor dependent on one another, there is neither any need nor any justification" for a stay). Courts consider the following three factors when deciding whether to stay proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *In re Cygnus*, 385 F. Supp. 2d at 1023.

## DISCUSSION

### I.  Stage of Litigation

Since this Court's October 1 Order, the parties briefed and prepared for a *Markman* hearing scheduled for January 21, 2016. In light of the instant motion, the hearing was continued to February 11, 2016. In comparison to how much work the parties have left to do, not much else has transpired. This case is still in a fairly early stage of litigation. *See Software Rights Archive, LLC v. Facebook, Inc.*, 2013 WL 55225522, at *3 (N.D. Cal. Sept. 17, 2013) (stage of litigation factor weighed in favor of stay even after "over

150,000 pages of documents" had been produced). Discovery is not complete and no trial date has been set. Thus, this factor still weighs in favor of a stay.

## II. Simplification of Issues

Now that the PTO has granted review, the parties and the Court can benefit from the review process. *See Gould v. Control Laser Corp.*, 705 F.3d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of [an] issue (when [a] claim is canceled) or to facilitate trial . . . by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."); *see also DJO, LLC v. VitalWear, Inc.*, No. 09-cv-2872, 2010 WL 4065633, at *2-3 (S.D. Cal. Oct. 15, 2010). And, to avoid the concern that Defendant may, if the claims are not canceled, argue again before this Court that the claims are invalid, Defendant has consented to a limited version of the estoppel provision found in 35 U.S.C. § 315(e). Accordingly, Defendant shall be estopped from raising any grounds "actually raised and finally adjudicated in the IPR proceedings." (Reply at 4 (citing *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C-13-4513, 2014 WL 819277, at *5-6 (N.D. Cal. Feb. 28, 2014); *Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. C-12-4958, 2013 WL 5513333, at *2 (N.D. Cal. Oct. 3, 2013).) By applying this estoppel provision to Defendant, the IPR proceedings will certainly clarify and streamline the issues before this Court. This factor also weighs in favor of a stay.

## III. Undue Prejudice

When considering the "undue prejudice" factor, courts look for evidence of "dilatory motives or tactics." *Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13-cv-457, 2014 WL 1350813, at *4 (N.D. Cal. Apr. 3, 2014) (quoting *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. 05-cv-31116, 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006)). In making this evaluation, courts have considered factors which include: (1) the timing of the reexamination request; (2) the timing of the request for stay; (3) the status of reexamination proceedings; and (4) the relationship of the parties. *Id.* (citation omitted).

///

3

Although Defendant did not petition for IPR, Defendant acted quickly in moving for a stay once the PTO decided to grant review. And, as noted before, the parties are not competitors.

Plaintiff argues it will be prejudiced by the stay because Defendant will align itself with the defendant in the *Dropcam* case, and Defendant will gain insight into Plaintiff's arguments and litigation strategies. This argument is speculative, and the Court is not persuaded that Plaintiff will suffer undue prejudice. As Plaintiff has said, a motion to stay is pending in the *Dropcam* case. Thus, it is possible that that case will also be stayed. It is also possible that the PTO will invalidate the claims under review. This factor weighs in favor of granting a stay.

## CONCLUSION

The Court **GRANTS** Defendant's Renewed Motion to Stay. The action is **STAYED** pending resolution of IPR proceedings. Defendant is **ORDERED** to notify this Court within **two days** of a decision issued by the PTO. Accordingly, the February 8 and 11 hearings are hereby **vacated**. Defendant's *Ex Parte* Motion to Postpone *Markman* Hearing is **DENIED as moot**. (Docket No. 51.)

**IT IS SO ORDERED.**

Dated: February 2, 2016

HON. ROGER T. BENITEZ
United States District Court